UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60767-CIV-DIMITROULEAS

CLAUDIO TEIXEIRA,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.

VOZZCOM, INC.,
a Florida corporation, and
DOREEN VOZZOLA, individually,

    Defendants.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND *IN CAMERA* REVIEW

THIS CAUSE is before the Court upon the parties' December 13, 2007 Joint Motion for Approval of Settlement Agreement and *In Camera* Review. [DE-35]. The Court has carefully considered this Motion, and is otherwise fully advised in the premises.

On November 27, 2007, this Court denied, without prejudice, the parties' Joint Stipulation for failure to indicate whether a settlement had been reached and to include any such settlement agreement. [DE-32]. The parties then submitted a joint stipulation indicating that *they* were not requiring Court approval of the settlement and thus did not attach the agreement. [DE-33]. However, as the Court indicated in both prior orders, in the above-styled case, Plaintiff alleges that the Defendant violated the Fair Labor Standards Act ("FLSA"), and therefore any settlement agreement must be approved by the Court. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Thus, on November 28, 2007, this Court again

denied, without prejudice, the joint stipulation of dismissal. [DE-34]

In the instant Motion, the parties have finally included a copy of their settlement agreement, but have redacted the financial terms of the settlement and request the Court to conduct an *in camera* review of the terms. Yet, the parties have failed to provide the requisite showing of extraordinary circumstances to deny public access to the settlement agreement. In both prior Orders, this Court has indicated that: "The parties should note that when a settlement agreement requires approval by the Court, special circumstances must exist in order to deny the public access to the agreement. See Brown v. Advantage Eng'g Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances . . . , the court file must remain accessible to the public.")."

The parties cite to Dail v. George A. Arab, a Middle District of Florida case, for the proposition that when a plaintiff is offered the full amount of his claims, judicial scrutiny of the terms is not required. Dail v. George A. Arab, 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005). Dail cited to Mackenzie v. Kindred Hospitals East, L.L.C., another Middle District of Florida case, for the aforementioned proposition. Dail, 391 F. Supp. 2d at 1145 (citing Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)). The court in Mackenzie indicated that Lynn's Food Stores addressed judicial oversight only in terms of "compromises" of FLSA claims. Mackenzie, 276 F. Supp. 2d at 1217 (citing Lynn's Food Stores, 679 F.2d at 1354-55). However, this Court notes, first that it is not bound by decisions of the Middle District of Florida, and secondly, that in Lynn's Food Stores, the Eleventh Circuit indicated that there "are only two ways in which back wage claims arising under the FLSA can

be *settled or compromised . . . .*" Lynn's Food Stores, 679 F.2d at 1354 (emphasis added). Thus, this Court reads the language as including both partial compromises or a full settlement.

Furthermore, in none of those cases was there an indication that the parties were seeking to keep the full terms of the settlement from the public record. In Dail, the case cited by the parties, the court reviewed the settlement agreement and indicated that defendants had agreed to pay $6,400 to plaintiffs and $10,600 for attorney's fees and costs. Dail, 391 F. Supp. 2d at 1147. In Mackenzie, the court described the calculations of overtime compensation made by the defendant and indicated the amount offered as full relief, $1,200. Mackenzie, 276 F. Supp. 2d at 1214. Also, Mackenzie involved a Rule 68 offer of judgment and cited to Arencibia v. Miami Shoes, Inc., which had held that Rule 68 is not precluded for a FLSA case. Mackenzie, 276 F. Supp. 2d at 1215 (citing Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997)). Even in Arencibia, however, the Eleventh Circuit commenced its order by stating the amount offered by the defendant, $4,000. Arencibia, 113 F.3d at 1213. Though the Defendant in the present action has not indicated it made an offer pursuant to Rule 68, even that rule indicates that if the offer is accepted then either party can then "*file the offer* and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment." Fed. R. Civ. P. 68 (emphasis added). Thus, this Court follows Lynn's Food requirement that *any settlement* be approved by the Court and Brown's admonition that only extraordinary circumstances may keep information from the public record. There has been no showing by the parties as to why the terms should be redacted from the public record.

Therefore, the instant Motion must be denied, without prejudice to the parties refiling a similar motion with the *complete* settlement agreement attached or a demonstration of the

extraordinary circumstances that justify a redacted agreement being submitted to the public court file.  A failure to abide by this Court's orders a third time may result in sanctions.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The parties' Joint Motion for Approval of Settlement Agreement and *In Camera* Review [DE-35] is hereby **DENIED, without prejudice** to the parties refiling a similar motion with their *complete* settlement agreement attached or a showing of extraordinary circumstances as to why the complete agreement should not remain accessible to the public;

2.  The parties shall file their response by December 28, 2007;

3.  Failure to timely file a status report may result in the imposition of sanctions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of December, 2007.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Carmen Johnson, Esq.
Allan Weitzman, Esq.
Gregg Shavitz, Esq..